IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-mj-500 |
| | ) | |
| JOHN CHRISTOPHER NICHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF A
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Zachary D. Mikkelson, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since July of 2015. I am currently assigned to the ATF Washington Field Division, Falls Church II Office. As a Special Agent with ATF, I am authorized pursuant to Title 18 U.S.C., Section 3051 to execute search warrants and enforce any of the criminal, seizure, or forfeiture provisions of the laws of the United States. Additionally, I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

2. I have successfully completed numerous training programs hosted by ATF, the Federal Law Enforcement Training Center, and other federal law enforcement agencies and organizations. I have received specialized training in the investigation of federal crimes involving the trafficking of firearms and controlled substances. Prior to becoming a Special Agent with

1

ATF, I was a sworn police officer with the County of Henrico in the Commonwealth of Virginia since July of 2009. During that time, I participated in numerous drug and firearm investigations that resulted in the arrest and conviction of numerous subjects, the seizure of property and assets, and the seizure of controlled substances and firearms.

3. I submit this affidavit is in support of a criminal complaint and arrest warrant charging JOHN CHRISTOPHER NICHOLS ("NICHOLS") with unlawful possession of a machinegun in violation of Title 18, United States Code, Section 922(o), among other crimes. A "machinegun", as defined in 26 U.S.C § 5845(b), is any weapon that shoots automatically more than one shot, without manual reloading, by a single function of the trigger. A "machinegun" also includes the frame or receiver of any such weapon, or parts intended to convert a weapon into a machinegun.

4. The information contained in this affidavit is based upon my personal observations, my training and experience, as well as on reports and statements of participating agents, detectives and officers. All observations I did not personally make were related to me by the individuals who made them, or come from my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause for this application. It is not intended to contain all information known by the government.

## PROBABLE CAUSE

5. On January 25, 2018, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was notified of a house fire on N. Duey Road, Remington, Virginia, within the Eastern District of Virginia. NICHOLS is the owner of the residence on N. Duey Road, Remington,

Virginia where the fire occurred. While local fire and law enforcement personnel conducted the fire investigation, they observed numerous firearms in plain view on the lower level of the residence. One of these weapons (hereafter, "Firearm A") appeared to be a short-barrel rifle with a barrel less than 16 inches. Furthermore, several of the firearms appeared to lack serial numbers. Your affiant responded to the scene and met with local law enforcement. Prior to my arrival, NICHOLS provided both verbal and written consent for law enforcement to search his residence. After entering the residence, I observed Firearm A, an AK-style rifle on a workbench with a barrel appearing to be significantly less than 16 inches. Firearm A also appeared to have an illegal shoulder stock affixed to the frame. Your affiant and local law enforcement officers function-checked the completed firearms on the lower level of the residence and found that certain AK-style firearms were function-testing as machineguns.

6. NICHOLS entered the residence with your affiant and local law enforcement. Your affiant asked NICHOLS if he could inspect some of the assembled firearms, as well as the frames and receivers that were in various stages of manufacturing in NICHOLS' residence and NICHOLS consented. On the lower level of NICHOLS' residence, your affiant observed numerous firearms, including both pistols and rifles, in varying stages of construction.

7. On the lower level of NICHOLS' residence, your affiant inspected an AK-style receiver with a short barrel attached (hereafter "Firearm B") that was laying on the workbench. Your affiant observed a hole in the receiver of Firearm B, which allowed installation of a machinegun sear. Based on your affiant's training and experience, I was aware that the presence of this hole made Firearm B a "machinegun" as defined in 26 U.S.C § 5845(b). Your affiant asked NICHOLS if that hole in Firearm B was for the machinegun sear. NICHOLS acknowledged that it was and that he knew he was not supposed to drill a hole in that location.

8. Detectives from the Fauquier County Sheriff's Office (FCSO) initially collected the evidence, packaged it, and placed it in the FCSO evidence unit. On January 29, 2018, your affiant took possession of the evidence from the FCSO, and, on January 30, 2018, your affiant delivered the evidence to the ATF Firearms and Ammunition Technology Division for analysis. On March 7, 2018, your affiant received a report from a Firearms Enforcement Officer (FEO).

9. The FEO examined Firearm A, the rifle with the barrel significantly less than 16 inches that was located in NICHOLS' basement. The FEO concluded that Firearm A "is a rifle having a barrel of less than 16 inches in length; therefore, [it] is a 'short-barreled rifle' as defined in 26 [sic] U.S.C. § 921(a)(8)" and "is a 'firearm' as defined in 26 U.S.C. § 5845(a)(3)" and "bears no NFA manufacturer's marks of identification or serial numberas [sic] as required by 26 U.S.C. § 5842."

10. The FEO also examined Firearm B, the AK-style receiver with barrel attached that was located on the workbench in NICHOLS's basement. The FEO concluded that Firearm B "incorporates the receiver of a machinegun: therefore, [it] is a 'machinegun' as defined in 26 U.S.C. § 5845(b)." The FEO further concluded that Firearm B "is also a 'machinegun' as defined in 18 U.S.C. § 921(a)(23)" and "bears no manufacturer's or importer's marks of identification as required by 26 U.S.C. § 5842."

11. In June of 2018, ATF became aware that the Federal Bureau of Investigation (FBI) had made an arrest of Cooperating Defendant 1 (CD-1) and that CD-1 had provided information about NICHOLS. Specifically, in September of 2017, CD-1 sold two AR-style firearms without serial numbers in Washington, D.C. to a Metropolitan Police Department (MPD) detective acting in an undercover capacity. CD-1 was arrested for this offense on March 22, 2018, and in a post-*Miranda* statement, provided information that he had purchased both firearms from NICHOLS.

4

CD-1 provided a phone number of 540-878-7201 for NICHOLS. This phone number is the same number that NICHOLS provided to law enforcement on January 25, 2018, when Firearm A and Firearm B were located in his residence on N. Duey Road, Remington, Virginia.

12. CD-1 was again interviewed on July 20, 2018, and provided additional details regarding his firearms transactions with NICHOLS. Specifically, CD-1 stated that, on September 6, 2017, he met NICHOLS in Maryland and obtained an AR-style firearm with no serial number from NICHOLS. CD-1 stated that he then drove into Washington D.C. and sold the firearm to an individual who he eventually learned was an undercover law enforcement officer. CD-1 stated he drove to Maryland with the proceeds of the firearms transaction with the undercover officer and paid NICHOLS for the firearm with part of the proceeds of that sale. CD-1 stated that, on September 28, 2017, he met NICHOLS in Washington D.C. and obtained another AR-style firearm with no serial number from NICHOLS. CD-1 then conducted another sale with the same undercover law enforcement officer, and again returned to NICHOLS with the proceeds of that sale and paid him for the firearm with part of the proceeds.

13. CD-1 further stated that NICHOLS manufactured firearms in his home in Remington, Virginia. CD-1 stated that he had been to NICHOLS' residence and observed large machining equipment and numerous firearms. CD-1 stated that NICHOLS would obtain unfinished receivers and parts from an online vendor called "Cheaper Than Dirt." CD-1 stated that he had seen numerous firearm receivers at NICHOLS' residence at one time.

14. Based on this information, in August 2018, your affiant reviewed subpoena returns pertaining to NICHOLS from Cheaper Than Dirt. My review of these records revealed that various firearms parts and accessories had been shipped to NICHOLS' residence on N. Duey Road and that NICHOLS used the e-mail account mastiffman@me.com to place orders online with Cheaper

Than Dirt.

15. In August 2018, a federal search warrant was executed for the iCloud account mastiffman@me.com. My review of information obtained pursuant to this search warrant revealed multiple photographs of firearms in various stages of manufacture and multiple completed firearms. These photographs included AK-style, 1911-style, and AR-style firearms similar to those observed by your affiant in NICHOLS' residence. Also depicted in these photographs were images of NICHOLS, as well as images of the machining equipment and the workbench that your affiant observed in NICHOLS' basement on January 25, 2018.

16. On March 14, 2018, the National Firearms Registration and Transfer Record (NFRTR) was searched for any National Firearm Act (NFA) firearms registered to NICHOLS. No firearms were located that were registered to NICHOLS in the NFRTR.

## CONCLUSION

17. Based upon the foregoing paragraphs, I submit that probable cause exists to believe that NICHOLS, did unlawfully, knowingly, and intentionally possess a machinegun, Firearm B, in violation of Title 18, United States Code, Section 922(o), among other crimes.

Respectfully submitted,

_____
Special Agent Zachary D. Mikkelson
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
this 18th day of October, 2018, at Alexandria, Virginia.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
Hon. Theresa C. Buchanan
United States Magistrate Judge
Eastern District of Virginia